IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS, INDIANA

| | |
|---|---|
| EMILY LEWIS | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INDIANA WESLEYAN UNIVERISTY | ) |
| | ) |
| Defendant, | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Emily Lewis, complains of acts and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

**JURISDICTION**

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e ("Title VII") and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-634; 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff fled a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on August 1, 2019.

**PARTIES**

3. Plaintiff is an African-American female and at all relevant times she resided in the Southern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in December 2016 as the Director of Instructional Design.

6. Plaintiff performed her job well.

7. Plaintiff is the only African American woman on her team and she is one of the few African Americans that work at the University.

8. Plaintiff began experiencing various forms of discrimination when she began working for Defendant.

9. Plaintiff's direct supervisor was the Executive Director, a Caucasian male.

10. Plaintiff's subordinate was the Senior Instructional Designer, a younger Caucasian male.

11. Various staff, including the Senior Instructional Designer, had issues taking orders from Plaintiff because Plaintiff is an African American woman.

12. Plaintiff had a conversation with the Executive Director and informed him that the reason staff was insubordinate was because Plaintiff was an African American woman.

13. The Executive Director merely asked the team to review a TedTalk regarding office culture, human happiness, healthy relationships, being gentle, transparency, etc. However, the topic of race was not presented and their behavior continued.

14. During a meeting, wherein the Plaintiff met with the Executive Director to review position descriptions, the Executive Director instructed Plaintiff to step out of the way and put the Senior Instructional Designer in charge, demoting Plaintiff.

15. In August 2018, the Executive Director called a meeting, and told the staff to work from home because the staff had issues working with Plaintiff.

16. The Executive Director told Plaintiff to go home and attempted to terminate her.

17. Plaintiff contacted the Diversity Officer and Plaintiff told them she was sent home because of her race and gender.

18. A meeting was called between the Executive Director, HR, Diversity Officer, Chancellor and Plaintiff. The Chancellor told them to find Plaintiff a job.

19. The Executive Director gave Plaintiff a project for two months and Plaintiff worked from home.  Plaintiff was replaced as the Director of Design by a younger Caucasian woman who had less experience and seniority than Plaintiff.

20. In August 2018, Plaintiff met with the Executive Director and the Diversity Officer. The Executive Director made the statements that Plaintiff was "just too smart" and "I hope all of this gets the black woman syndrome off of her shoulder."

21. Plaintiff spoke to the Diversity Officer and discussed Executive Director's comments. The Diversity Officer took no action.

22. Plaintiff became Director of Support for Research and Learning.  However, it had been previously determined that there was not enough work to support this position.

23. Plaintiff was treated less favorably than other Directors.

24. Plaintiff did not receive an office or any workspace to work at Defendant's office location.  Plaintiff was the only Director that did not have an office or a workspace.

25.  Plaintiff was initially not given a key to the building.

26. Plaintiff was not initially given a budget.

27. Plaintiff informed the Executive Director that she was being treated differently due to her race and gender.

28. In April 2019, the new Executive Director, yelled at and demeaned Plaintiff on several occasions. The new Executive Director excluded Plaintiff from any decision-making or meetings.

29. The new Executive Director took Plaintiff off of all committees and told school leaders to stop using her services.

30. In June 2019, the new Executive Director had a meeting with the Plaintiff and informed her that she was going to eliminate Plaintiff's position and offered Plaintiff a second demotion, which was a significant or substantial change in job duties and decrease in salary and promotion prospects.

31. Plaintiff was demoted due to her race.

32. Plaintiff was demoted due to her gender.

33. Plaintiff was demoted due to her age.

34. Plaintiff was retaliated against due to having engaged in protected activity.

35. Plaintiff was subsequently constructively discharged based on Defendant's discriminatory conduct.

### COUNT I- VIOLATION OF SECTION 1981 BASED ON RACE

36. Plaintiff incorporates by reference and restates paragraphs 1-35.

37. Defendant violated 42 U.S.C. §1981, when it constructively discharged Plaintiff due to her race.

38. Defendant violated 42 U.S.C. §1981, when it demoted Plaintiff due to her race.

39. Defendant violated 42 U.S.C. §1981, when it subjected Plaintiff to different terms and conditions due to her race.

40. Defendant violated 42 U.S.C. §1981, when it retaliated against Plaintiff for engaging in protected activity.

41. Defendant violated 42 U.S.C. §1981, when it treated Plaintiff less favorably based on her race.

### COUNT II- TITLE VII VIOLATION BASED ON RACE

42. Plaintiff incorporates by reference and restates paragraphs 1-37.

43. Defendant violated Title VII when it constructively discharged Plaintiff due to her race.

44. Defendant violated Title VII when it demoted Plaintiff due to her race.

45. Defendant violated Title VII when it subjected Plaintiff to different terms and conditions of employment based on her race.

46. Defendant violated Title VII, when it retaliated against Plaintiff for engaging in protected activity.

47. Defendant violated Title VII, when it treated Plaintiff less favorably based on her race.

### COUNT III- TITLE VII VIOLATION BASED ON GENDER

48.  Plaintiff incorporates by reference and restates paragraphs 1-41.

49. Defendant violated Title VII when it subjected Plaintiff to different terms and conditions of employment based on her gender.

50. Defendant violated Title VII when demoted Plaintiff due to her gender.

51. Defendant violated Title VII when it constructively discharged Plaintiff due to her gender.

52. Defendant violated Title VII, when it retaliated against Plaintiff for engaging in protected activity.

53. Defendant violated Title VII, when it treated Plaintiff less favorably based on her gender.

## COUNT IV- AGE DISCRIMINATION

54.  Plaintiff incorporates by reference and restates paragraphs 1-45.

55. Defendant violated the ADEA when it demoted Plaintiff due to her age.

56. Defendant violated the ADEA when it constructively discharged Plaintiff due to her age.

57. Defendant violated the ADEA when it treated Plaintiff less favorably based on her age.

58. Defendant violated the ADEA, when it retaliated against Plaintiff for engaging in protected activity.

59. Defendant violated the ADEA, when it treated Plaintiff less favorably based on her age.

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A.  Award Plaintiff back pay and benefits lost;

B.  Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

C. Award Plaintiff punitive damages;

D. Award Plaintiff her cost in this action including reasonable attorney fees;

E. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

_____
Amber K. Boyd 31235-49
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

Respectfully Submitted

_____
Amber K. Boyd 31235-49
Attorney for Plaintiff
8510 Evergreen Ave.
Indianapolis, in 46240
(317) 210-3416