## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| **EMILY LEWIS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CAUSE NO:  1:19-cv-00451** |
| | ) | |
| **INDIANA WESLEYAN UNIVERSITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER

Defendant, Indiana Wesleyan University ("IWU"), answers Plaintiff's Complaint and

Demand for Jury Trial ("Complaint") as follows:

### ADMISSIONS AND DENIALS

1.      This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e

("Title VII") and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991; the Age

Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§621-634; 28 U.S.C. §§ 1331 and

1343.

**ANSWER:**  IWU admits that Plaintiff purports to sue under the listed statutes but denies

any violation of law and denies any remaining allegation in Paragraph 1.

2.      Plaintiff fled [*sic*] a charge with the Equal Employment Opportunity Commission

(EEOC) and received a notice to sue on August 1, 2019

**ANSWER:**  IWU admits that Plaintiff filed EEOC Charge No. 470-2019-03417 on

July 8, 2019, and that the EEOC issued a no-cause Dismissal and Notice of Rights with respect

to that Charge on July 29, 2019.  IWU is without knowledge or information sufficient to form a

belief as to the truth of the allegation about when Plaintiff received the Dismissal and Notice of

Rights. IWU denies any remaining allegation in Paragraph 2.

3.      Plaintiff is an African-American female and at all relevant times she resided in the

Southern District of Indiana.

**ANSWER:**  IWU admits that Plaintiff is an African-American female.  IWU denies the remaining allegation in Paragraph 3.

4.      Defendant is a corporation doing business in the State of Indiana in the Southern District of Indiana.

**ANSWER:**  IWU admits that it is a non-profit corporation and that it does business in both the Northern and Southern Districts of Indiana.

5.      Plaintiff began working for the Defendant in December 2016 as the Director of Instructional Design.

**ANSWER:**  IWU admits the allegations in Paragraph 5.

6.      Plaintiff performed her job well.

**ANSWER:**  IWU denies the allegation in Paragraph 6.

7.      Plaintiff is the only African American woman on her team and she is one of the few African Americans that work at the University.

**ANSWER:**  IWU admits that Plaintiff was the only African American employee on her team within the Center for Learning and Innovation. IWU denies the remaining allegation in Paragraph 7.

8.      Plaintiff began experiencing various forms of discrimination when she began working for Defendant.

**ANSWER:**  IWU denies the allegation in Paragraph 8.

9.      Plaintiff's direct supervisor was the Executive Director, a Caucasian male.

**ANSWER:**  IWU admits that Plaintiff's first supervisor, the Executive Director of the Center for Learning and Innovation, was a Caucasian male. IWU denies that Plaintiff's subsequent supervisor, the next Executive Director of the Center for Learning and Innovation, was male.

10.      Plaintiff's subordinate was the Senior Instructional Designer, a younger Caucasian male.

2

**ANSWER:** IWU admits that at least one of Plaintiff's subordinates, before her role was restructured, was a Caucasian male younger than her who carried the title of Senior Instructional Designer.  IWU denies any remaining allegation in Paragraph 10.

11.     Various staff, including the Senior Instructional Designer, had issues taking orders from Plaintiff because Plaintiff is an African American woman.

**ANSWER:** IWU denies the allegation in Paragraph 11.

12.     Plaintiff had a conversation with the Executive Director and informed him that the reason staff was insubordinate was because Plaintiff was an African American woman.

**ANSWER:** IWU denies the allegations made in Paragraph 12.

13.     The Executive Director merely asked the team to review a TedTalk regarding office culture, human happiness, healthy relationships, being gentle, transparency, etc.  However, the topic of race was not presented and their behavior continued.

**ANSWER:** IWU denies the allegations made in Paragraph 13.

14.     During a meeting, wherein the Plaintiff met with the Executive Director to review position descriptions, the Executive Director instructed Plaintiff to step out of the way and put the Senior Instructional Designer in charge, demoting Plaintiff.

**ANSWER:** IWU denies the allegations in Paragraph 14.

15.     In August 2018, the Executive Director called a meeting, and told the staff to work from home because the staff had issues working with Plaintiff.

**ANSWER:** IWU denies the allegation in Paragraph 15. IWU further states that on August 3, 2018, the Executive Director emailed staff requesting they work remotely that day while Plaintiff and the Executive Director discussed her job performance issues.

16.     The Executive Director told Plaintiff to go home and attempted to terminate her.

**ANSWER:** IWU denies the allegations made in Paragraph 16.

17.     Plaintiff contacted the Diversity Officer and Plaintiff told them she was sent home because of her race and gender.

**ANSWER:** IWU admits that Plaintiff had contact with the university's Chief Diversity Officer.  IWU denies the remaining allegation in Paragraph 17.

US.125196139.01

18.     A meeting was called between the Executive Director, HR, Diversity Officer, Chancellor and Plaintiff.  The Chancellor told them to find Plaintiff a job.

**ANSWER:**  IWU admits that a meeting between the IWU National & Global Chancellor, Plaintiff's Supervisor, Chief Human Resources Officer, and Chief Diversity Officer took place. IWU denies the remaining allegations in Paragraph 18.

19.     The Executive Director gave Plaintiff a project for two months and Plaintiff worked from home.  Plaintiff was replaced as the Director of Design by a younger Caucasian woman who had less experience and seniority than Plaintiff.

**ANSWER:**  IWU admits that for a period of time while the Center for Learning and Innovation office was moving locations Plaintiff worked primarily from home.  IWU denies the remaining allegations in Paragraph 19.

20.     In August 2018, Plaintiff met with the Executive Director and the Diversity Officer.  The Executive Director made the statements that Plaintiff was "just too smart" and "I hope all of this gets the black woman syndrome off of her shoulder."

**ANSWER:**  IWU admits that there were occasions on which the Executive Director and Diversity Officer met with Plaintiff.  IWU denies the remaining allegations in Paragraph 20.

21.     Plaintiff spoke to the Diversity Officer and discussed Executive Director's comments.  The Diversity Officer took no action.

**ANSWER:**  IWU admits that Plaintiff had contact with the university's Chief Diversity Officer. IWU denies the allegations made in Paragraph 21.

22.     Plaintiff became Director of Support for Research and Learning.  However, it had been previously determined that there was not enough work to support this position.

**ANSWER:**  IWU admits that Plaintiff's role was restructured in August 2018, that Plaintiff participated in role restructuring process, and gave input into her job description. IWU further admits that Plaintiff's role was reclassified at the Director of Support for Research and Learning. IWU denies the remaining allegation in Paragraph 22.

23.     Plaintiff was treated less favorably than other Directors.

US.125196139.01

**ANSWER:**  IWU denies the allegation in Paragraph 23.

24.     Plaintiff did not receive an office or any workspace to work at Defendant's office location.  Plaintiff was the only Director that did not have an office or a workspace.

**ANSWER:**  IWU denies the allegations in Paragraph 24.

25.     Plaintiff was initially not given a key to the building.

**ANSWER:**  IWU admits that plaintiff was not initially given a key to the building after the Center for Learning and Innovation moved office space. IWU further states that Plaintiff was one of a group of Center employees who did not initially receive keys. Additionally, when Plaintiff asked for a key, she received one.

26.     Plaintiff was not initially given a budget.

**ANSWER:**  IWU denies the allegation made in Paragraph 26.

27.     Plaintiff informed the Executive Director that she was being treated differently due to her race and gender.

**ANSWER:**  IWU admits that the Plaintiff expressed concern regarding treatment she believed was racially motivated during the meeting referenced in Paragraph 18 but denies that Plaintiff was correct. IWU denies the remaining allegation in Paragraph 27.

28.     In April 2019, the new Executive Director, yelled at and demeaned Plaintiff on several occasions.  The new Executive Director excluded Plaintiff from any decision-making or meetings.

**ANSWER:**  IWU denies the allegations made in Paragraph 28.

29.     The new Executive Director took Plaintiff off of all committees and told school leaders to stop using her services.

**ANSWER:**  IWU denies the allegations in Paragraph 29.

30.     In June 2019, the new Executive Director had a meeting with the Plaintiff and informed her that she was going to eliminate Plaintiff's position and offered Plaintiff a second demotion, which was a significant or substantial change in job duties and decrease in salary and promotion prospects.

US.125196139.01

**ANSWER:** IWU admits that a meeting occurred in June 2019 between the new Executive Director of Center for Learning and Innovation and during that meeting Plaintiff was informed that Plaintiff's restructured position was to be eliminated. IWU additionally admits that during that meeting Plaintiff was offered an alternate position with modified duties and that offered a decrease in salary. IWU denies the remaining allegations in Paragraph 30.

31.     Plaintiff was demoted due to her race.

**ANSWER:** IWU denies the allegation in Paragraph 31.

32.     Plaintiff was demoted due to her gender.

**ANSWER:** IWU denies the allegation in Paragraph 32.

33.     Plaintiff was demoted due to her age.

**ANSWER:** IWU denies the allegation in Paragraph 33.

34.     Plaintiff was retaliated against due to having engaged in protected activity.

**ANSWER:** IWU denies the allegation in Paragraph 34.

35.     Plaintiff was subsequently constructively discharged based on Defendant's discriminatory conduct.

**ANSWER:** IWU denies the allegation in Paragraph 35.

36.     Plaintiff incorporates by reference and restates paragraphs 1-35.

**ANSWER:** IWU incorporates by reference its responses to Paragraphs 1-35.

37.     Defendant violated 42 U.S.C. §1981, when it constructively discharged Plaintiff due to her race.

**ANSWER:** IWU denies the allegation in Paragraph 37.

38.     Defendant violated 42 U.S.C. §1981, when it demoted Plaintiff due to her race.

**ANSWER:** IWU denies the allegation in Paragraph 38.

39.     Defendant violated 42 U.S.C. §1981, when it subjected Plaintiff to different terms and conditions due to her race.

**ANSWER:** IWU denies the allegation in Paragraph 39.

US.125196139.01

40.     Defendant violated 42 U.S.C. §1981, when it retaliated against Plaintiff for engaging in protected activity.

**ANSWER:**  IWU denies the allegation in Paragraph 40.

41.     Defendant violated 42 U.S.C. §1981, when it treated Plaintiff less favorably based on her race.

**ANSWER:**  IWU denies the allegation in Paragraph 41.

42.     Plaintiff incorporates by reference and restates paragraphs 1-37 [*sic*].

**ANSWER:**  IWU incorporates by reference its responses to Paragraphs 1-37.

43.     Defendant violated Title VII when it constructively discharged Plaintiff due to her race.

**ANSWER:**  IWU denies the allegation in Paragraph 43.

44.     Defendant violated Title VII when it demoted Plaintiff due to her race.

**ANSWER:**  IWU denies the allegation in Paragraph 44.

45.     Defendant violated Title VII when it subjected Plaintiff to different terms and conditions of employment based on her race.

**ANSWER:**  IWU denies the allegation in Paragraph 45.

46.     Defendant violated Title VII, when it retaliated against Plaintiff for engaging in protected activity.

**ANSWER:**  IWU denies the allegation in Paragraph 46.

47.     Defendant violated Title VII, when it treated Plaintiff less favorably based on her race.

**ANSWER:**  IWU denies the allegation in Paragraph 47.

48.     Plaintiff incorporates by reference and restates paragraphs 1-41. [*sic*]

**ANSWER:**  IWU incorporates by reference its responses to Paragraphs 1-41.

49.     Defendant violated Title VII when it subjected Plaintiff to different terms and conditions of employment based on her gender.

**ANSWER:**  IWU denies the allegation in Paragraph 49.

50.     Defendant violated Title VII when [sic] demoted Plaintiff due to her gender.

US.125196139.01

**ANSWER:**  IWU denies the allegation in Paragraph 50.

51.     Defendant violated Title VII when it constructively discharged Plaintiff due to her gender.

**ANSWER:**  IWU denies the allegation in Paragraph 51.

52.     Defendant violated Title VII, when it retaliated against Plaintiff for engaging in protected activity.

**ANSWER:**  IWU denies the allegation in Paragraph 52.

53.     Defendant violated Title VII, when it treated Plaintiff less favorably based on her gender.

**ANSWER:**  IWU denies the allegation in Paragraph 53.

54.     Plaintiff incorporates by reference and restates paragraphs 1-45. [*sic*]

**ANSWER:**  IWU incorporates by reference its responses to Paragraphs 1-45.

55.     Defendant violated the ADEA when it demoted Plaintiff due to her age.

**ANSWER:**  IWU denies the allegation in Paragraph 55.

56.     Defendant violated the ADEA when it constructively discharged Plaintiff due to her age.

**ANSWER:**  IWU denies the allegation in Paragraph 56.

57.     Defendant violated the ADEA when it treated Plaintiff less favorably based on her age.

**ANSWER:**  IWU denies the allegation in Paragraph 57.

58.     Defendant violated the ADEA, when it retaliated against Plaintiff for engaging in protected activity.

**ANSWER:**  IWU denies the allegation in Paragraph 58.

59.     Defendant violated the ADEA, when it treated Plaintiff less favorably based on her age.

**ANSWER:**  IWU denies the allegation in Paragraph 59.

US.125196139.01

## ADDITIONAL DEFENSES

1.      All actions taken by IWU with respect to Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

2.      IWU acted in good faith with respect to Plaintiff and with reasonable belief that its actions did not violate any law.

3.      To the extent Plaintiff failed timely to exhaust any required administrative remedies, her claims are barred.

4.      To the extent any of Plaintiff's claims were not filed within an application limitations period, they are barred.

5.      IWU exercised reasonable care to prevent and correct discriminatory and/or harassing behavior and cannot be liable to the extent she unreasonably failed to take advantage of those preventative and corrective opportunities.

6.      Plaintiff's claims are barred by the First Amendment to the United States Constitution.

7.      To the extent Plaintiff has failed to mitigate alleged economic damages, her claims are limited or cut off.

8.      Plaintiff's alleged economic damages are subject to offset by income received from other sources.

9.      IWU may not be held liable for punitive damages to the extent any managerial agent allegedly made employment decisions or took actions with respect to Plaintiff contrary to IWU' s good faith efforts to comply with the law.

10.     Because the Complaint is pled in conclusory terms, IWU cannot fully anticipate all affirmative and additional defenses that may be applicable to this action and, therefore,

US.125196139.01

reserves the right to assert all additional affirmative and other defenses that may become applicable based on information learned during discovery or for other appropriate reasons.

WHEREFORE, Defendant prays that Plaintiff takes nothing by the Complaint, that the Court enter judgment in favor of Defendant and against the Plaintiff for the cost of defense, including Defendant's attorneys' fees, and all other just and proper relief.

FAEGRE BAKER DANIELS LLP

/s/ Edward E. Hollis
Edward E. Hollis (#19402-49)
Grayson F. Harbour (#35700-35)
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46240
Phone    (317) 237-0300
Fax:      (317) 237-1000
E-mail:  edward.hollis@faegrebd.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2019, a copy of the foregoing *Answer* was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the CM/ECF system.

Amber K. Boyd
8510 Evergreen Avenue
Indianapolis, IN  46240
amber@amberboydlaw.com

/s/ Edward E. Hollis
Edward E. Hollis (#19402-49)
300 N. Meridian Street, Suite 2500
Indianapolis, IN 46240
Phone:  (317) 237-0300
Fax:      (317) 237-1000
E-mail:  edward.hollis@faegrebd.com

US.125196139.01